## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON ONWUAGBA, as Administrator of the ESTATE OF JAIMESSE SAD'E THOMPSON, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-22-989-D ) |
| GARFIELD COUNTY CRIMINAL JUSTICE AUTHORITY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## O R D E R   O F   D I S M I S S A L

Before the Court is Plaintiff's Motion to Show Cause Why Service Has Not Been Perfected and Request for Extension of Time to Issue the Summons [Doc. No. 5].   The Motion was filed in response to the Order to Show Cause [Doc. No. 4] under Fed. R. Civ. P. 4(m), directing Plaintiff to show why this action should not be dismissed for failure to effect service of process within 90 days after filing the Complaint.

Plaintiff identifies in her Motion two reasons why she has not attempted service and needs more time:  1) the Complaint fails to name the proper plaintiff because Sharon Onwuaga is not the court-appointed administrator of the decedent's estate; and 2) counsel is still investigating the identities of defendants named in the Complaint as "John/Jane Does."   *See* Mot. at 2.   Plaintiff states that she plans to amend her pleading, and requests additional time for service to "avoid unnecessary expenses of serving summons[es] to all named parties."   *See* Mot. at 3.   Plaintiff asks the Court to find that she has shown good

cause for lack of service and, alternatively, to exercise its discretion under Rule 4(m) to grant a permissive 30-day extension of time to complete service.   *Id.*

Upon consideration, the Court finds that Plaintiff has failed to show good cause for lack of timely service.   Although the Tenth Circuit has not conclusively defined "good cause" for purposes of Rule 4(m), the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service."   *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *accord Murphy v. City of Tulsa*,556 F. App'x 664, 668 (10th Cir. 2014).   "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule."   *Kirkland*, 86 F.3d at 176; *Despain*, 13 F.3d at 1438.   In this case, Plaintiff has made no attempt to serve the named defendants.   Instead, she apparently made a deliberate, strategic decision to delay service until she was ready to amend her Complaint.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service.   *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.").   In making this decision, a district court should consider any pertinent factors or policy considerations.   *Id.* at 842. Examples include prejudice to the plaintiff from a dismissal "if the applicable statute of limitations would bar the refiled action;" prejudice to the defendants if additional time is allowed; a complicated service rule, such "the complex requirements of multiple service"

2

on federal defendants; and protecting a *pro se* plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id*. at 842 & n.8.

No pertinent circumstance appears to be present here.[1]  Plaintiff does not identify any factor that weighs in favor of letting her press forward in this case.  Under the circumstances presented, where no prejudice from a dismissal has been shown and Plaintiff has not articulated a persuasive reason to allow additional time for service, the Court finds that this action should be dismissed without prejudice to refiling.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time is **DENIED**.  This action is **DISMISSED WITHOUT PREJUDICE** to a future filing.  A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 28th day of February, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1]  The Court notes that this action under 42 U.S.C. § 1983 borrows state-law timeliness rules, including the saving statute of Okla. Stat. tit. 12, § 100.  *See Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (citing *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 962 (10th Cir. 1991), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Williams v. City of Guthrie*, 109 F. App'x 283, 286 (10th Cir. 2004)).